# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | Case No. CR-03-06-M |
| | ) | (CIV-07-582-M) |
| THOMAS HAROLD DELANA, JR., | ) | |
| | ) | |
| Defendant-Movant. | ) | |

## ORDER

Defendant-Movant Thomas Harold Delana, Jr. ("Delana"), a federal prisoner, filed a "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody" on May 21, 2007. On September 10, 2007, plaintiff-respondent United States of America filed its response, and on October 3, 2007, Delana filed a reply.

I.  Introduction

On September 17, 2003, a fifty-three-count Second Superseding Indictment was returned by the grand jury in the Western District of Oklahoma, charging Delana and eight others with drug and firearm offenses. Delana was specifically charged in the following five counts: (1) Count 1, Conspiracy to Manufacture, Possess With Intent to Distribute, and Distribution of Methamphetamine; (2) Count 28, Distribution of Methamphetamine; (3) Count 38, Distribution of Methamphetamine; (4) Count 39, Attempt to Manufacture Methamphetamine; and (5) Count 40, Felon in Possession of Firearm.

Delana was tried by a jury for the above-referenced five counts, and on February 23, 2004, the jury found Delana guilty on each of the five counts. Prior to sentencing, a presentence investigation report was prepared. On March 2, 2005, the Court conducted a sentencing hearing and

sentenced Delana to life imprisonment on Count 1, 360 months' imprisonment on Counts 28, 38, and 39, and 180 months' imprisonment on Count 40, each of the counts to run concurrently.

Delana appealed his sentence to the United States Court of Appeals for the Tenth Circuit, contending that the convictions used to enhance his sentence were not separate and distinct convictions and should not have been used to enhance his sentence. In an unpublished opinion issued January 26, 2006, the Tenth Circuit affirmed Delana's sentence. *United States v. Delana*, 167 Fed. Appx. 17 (10th Cir. January 26, 2006). Delana timely filed a Petition for Writ of Certiorari. On May 30, 2006, the United States Supreme Court denied Delana's petition. *Delana v. United States*, 547 U.S. 1171 (2006).

II. Discussion

Delana asserts two grounds in support of his § 2255 motion: (1) ineffective assistance of trial counsel, and (2) presentation of false and misleading testimony by the government.

A. Ineffective Assistance of Trial Counsel

Delana asserts that his trial counsel was ineffective based upon the following:

> 1. Prior to trial, counsel failed to investigate calling Delana's codefendant, Virgil Earl Nelson, as a defense witness;
>
> 2. At trial, counsel failed to expose the government for presenting false and misleading testimony about the meaning of the term "One Percent Club"; and
>
> 3. At trial, counsel failed to expose Tracey Delana for presenting false and misleading testimony about when she began cooperating and failed to expose the government for misleading the jury about when Tracey Delana began cooperating.

To prevail on a claim of ineffective assistance of counsel, Delana must first show:

> [his] counsel's performance was constitutionally deficient, i.e., it fell below an objective standard of reasonableness. To make this showing, [movant] must overcome a strong presumption that

2

> counsel's conduct falls within the wide range of reasonable professional assistance that might be considered sound trial strategy. Second, he must demonstrate there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different.

*Moore v. Reynolds*, 153 F.3d 1086, 1096 (10th Cir. 1998); *see also Strickland v. Washington*, 466 U.S. 668 (1984). A court is not required to address both components of the test if the movant makes an insufficient showing on one, and, thus, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

Delana bears the burden of identifying specific acts or omissions of counsel which were not "the result of reasonable professional judgment." *Id.* at 690. Conclusory allegations are insufficient to support an ineffective assistance of counsel claim. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

### 1. Alleged failure to call codefendant as witness

Delana asserts that his codefendant Virgil Earl Nelson ("Nelson") told him to have his attorney contact him about testifying as a defense witness and that Delana's counsel never contacted him. Delana further asserts that Nelson would have testified that he had never met Delana prior to his arrest and that the Outlaws Motorcycle Club ("OMC") is a legitimate motorcyclist association only capable of involving itself in motorcycling activities and that said club is not inherently a criminal enterprise capable of characterizing illicit methamphetamine trafficking as a "motorcycling event."

Having carefully reviewed the parties' submissions, as well as the court file, the Court finds that Delana's counsel was not ineffective for failing to call Nelson as a witness. Specifically, the

Court finds that Delana has not demonstrated either that his counsel's conduct fell below an objective standard of reasonableness or that there is a reasonable probability that, but for counsel's failure to call Nelson as a witness, the outcome of the proceedings would have been different. The evidence of Delana's possession of firearms and involvement in methamphetamine production and distribution presented at trial was overwhelming and included a tape recording of a methamphetamine transaction in which Delana participated. Additionally, Nelson is a multiple-convicted felon, is the leader of the OMC in Oklahoma, and was charged, pled guilty, and was sentenced for conduct involving large scale methamphetamine production and distribution. As a result, Nelson would have had little to no credibility and the potential for using Nelson as a defense witness was minimal. Finally, the Court finds that any alleged testimony regarding the OMC not being involved in illegal conduct would have been completely irrelevant to the jury's determination of the ultimate issues.

        2.     <u>Alleged failure to expose false and misleading testimony about meaning of the term "One Percent Club"</u>

Delana contends that the testimony the government presented through witnesses James Dilts and George Schuppan regarding the meaning of the term "One Percent Club" was false and misleading and that his counsel was ineffective for failing to expose that it was false and misleading. Having carefully reviewed the parties' submissions, as well as the court file, the Court finds that Delana has not demonstrated there is a reasonable probability that, but for counsel's failure to challenge the testimony regarding the meaning of the term "One Percent Club", the outcome of the proceedings would have been different. Delana simply conclusively states: "Prejudice was incurred by the 'one percent club' misrepresentations, <u>i.e.</u>, the trial was unfair because the evidence was not subjected to sufficient adversarial testing." § 2255 Motion at 20. Further, the Court finds the

4

testimony regarding the meaning of the term "One Percent Club" merely provided background information for the jury and had no tendency to incriminate Delana. Accordingly, the Court finds that Delana's counsel was not ineffective for failing to expose the allegedly false and misleading testimony about the meaning of the term "One Percent Club."

      3.      <u>Alleged failure to expose the false and misleading testimony by Tracey Delana about when she began cooperating and the government's misleading the jury about when Ms. Delana began cooperating</u>

Delana asserts that Ms. Delana lied during her testimony as to when she began to cooperate with the government and that she had, in fact, begun cooperating a year prior to what she testified. Delana further asserts that counsel for the government, in his closing argument, also misrepresented when Ms. Delana began cooperating. Delana contends that his counsel was ineffective for failing to expose said false and misleading testimony and argument.

Having carefully reviewed the parties' submissions, as well as the court file, the Court finds that Delana has not demonstrated that there is a reasonable probability that, but for counsel's failure to expose the allegedly false and misleading testimony and argument, the outcome of the proceedings would have been different. The Court finds that any potential impeachment of Ms. Delana regarding the time she began cooperating would have been cumulative, at best, and would have paled in comparison to the impeachment value of her criminal conduct, which was thoroughly explored throughout her testimony. Additionally, given the significant amount of corroborating evidence of Ms. Delana's testimony, including search warrant seizures and an undercover tape recording of Delana in a methamphetamine transaction, the Court finds the outcome of Delana's trial would not have been different if Delana's counsel had exposed the allegedly false and misleading testimony and argument. Therefore, the Court finds that Delana's counsel was not ineffective.

B. Presentation of False and Misleading Testimony by the Government

Delana contends that the government engaged in prosecutorial misconduct by presenting false and misleading testimony regarding the meaning of the term "One Percent Club" and the timing of Ms. Delana's cooperation. "Under *Donnelly* [*v. DeChristoforo*, 416 U.S. 637, 642-48 (1974)], [] relief is available for prosecutorial misconduct only when the misconduct is so egregious that it renders the entire trial fundamentally unfair." *Tolbert v. Ulibarri*, 325 Fed. Appx. 662, 664 (10th Cir. April 24, 2009). Having carefully reviewed the parties' submissions, and as set forth above, the Court finds that any allegedly false and misleading testimony and/or argument presented by the government regarding the meaning of the term "One Percent Club" and the timing of Ms. Delana's cooperation did not prejudice Delana or alter the outcome of his trial. Accordingly, the Court finds that the alleged prosecutorial misconduct was not so egregious that it rendered the entire trial fundamentally unfair. The Court, therefore, finds that Delana is not entitled to relief on this basis.

III. Evidentiary Hearing

As set forth above, Delana's motion does not set forth a basis for relief from his conviction and sentence. Because that conclusion is conclusively shown from the record and from the nature of Delana's claims, the Court finds there is no need for an evidentiary hearing on this motion. *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995); *United States v. Marr*, 856 F.2d 1471 (10th Cir. 1988); 28 U.S.C. § 2255.

IV.     Conclusion

Accordingly, for the reasons set forth above, the Court DENIES Delana's "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody."

**IT IS SO ORDERED this 2nd day of July, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE