IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No. CR-03-06-C |
| | ) |
| THOMAS HAROLD DELANA, JR., | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER

Defendant has filed a Motion pursuant to 18 U.S.C. §3582(c)(1)(A), seeking early compassionate release. In support, Defendant raises seven arguments in support of his request: 1) he would not face a life sentence if he were sentenced under the provisions of the First Step Act; 2) the predicate offenses that triggered the life sentence were one conviction; 3) his sentence is disparate to that of co-defendants; 4) he was penalized for going to trial; 5) he has an exemplary record during his incarceration; 6) he is a non-violent low level drug offender; and 7) he has increased risk of severe illness due to COVID-19. Plaintiff has filed a Response to the Motion. Defendant has filed a document entitled Motion for Leave of Court to Reply that the Court will construe as Defendant's Reply. The matter is now at issue.

18 U.S.C. § 3582(c)(1)(A) imposes three criteria to be considered when addressing a request for compassionate relief: (1) filing requirements; (2) extraordinary and compelling reasons; and (3) that the reduction is consistent with the 18 U.S.C. § 3553 factors. The Tenth Circuit has held: "'district courts may deny compassionate-release

motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.'" United States v. McGee, 992 F.3d 1035, 1043 (10th Cir. 2021) (quoting United States v. Elias, 984 F.3d 516, 519 (6th Cir. 2021)). This is relevant here as regardless whether Defendant has demonstrated extraordinary and compelling circumstances, consideration of the § 3553 factors establishes that he is not entitled to relief.[1]

Defendant characterizes himself as the "low man on the totem pole" and a minor player in the criminal activity for which he was convicted. He argues that he possessed only a small amount of methamphetamine and his sentence is a life sentence only because of unique factors in the circumstances of his arrest.[2] He also points to his rehabilitation efforts in prison, noting he has worked himself from high security prisons to medium security. He argues he is in medium security only because of his life sentence. Defendant notes that until § 3582(c)(1)(A) was enacted, he had no hope of early release and so engaged in rehabilitative efforts to change himself as a person rather than to earn early release.

Plaintiff offers a much different picture of Defendant's criminal activity both before and during the events leading to his conviction. As Plaintiff notes, Defendant had fourteen

---

[1] Plaintiff concedes that Defendant has satisfied the filing requirements.

[2] According to Plaintiff, two of his predicate offenses are in fact one offense. Defendant was charged with possession of the drugs that he possessed when arrested and with possession of drugs found in his home after his arrest. Defendant argues the only reason these were charged as two different crimes is because he was arrested in one state and his home was located in another.

prior criminal convictions, having spent the majority of his life engaged in some kind of criminal conduct. Defendant's criminal activity includes grand larceny, burglary, and concealing stolen property, among other crimes. As for the circumstances of the current conviction, Defendant was convicted of multiple counts of distributing and attempting to manufacture methamphetamine. The Presentence Investigation Report ("PSR") makes clear Defendant acted independently for a lengthy period of time in manufacturing and distributing methamphetamine.

18 U.S.C. § 3553(a)(2)(A) requires the Court to consider "the need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[.]" When considering this factor, the Court finds that the nature of Defendant's criminal conduct leading to his incarceration does not demonstrate that any reduction in his sentence to permit early release is warranted. Rather, completion of the sentence currently imposed is necessary to meet this sentencing goal. The Court finds that consideration of the § 3553(a) factors weigh against a sentence reduction.

For the reasons set forth herein, Defendant's Motion for Sentence Reduction or Modification Pursuant to Title 18 U.S.C. 3582(c)(1)(A) (Dkt. No. 856) is DENIED.

IT IS SO ORDERED this 25th day of October 2022.

ROBIN J. CAUTHRON
United States District Judge